HENRY v. HILLIARD.

(Filed 12 January, 1916.)

**Judicial Sales—Sales—Confirmation—Exceptions—Court's Discretion—Appeal and Error.**

In this case it appearing that an estate consisting originally of a large tract of land has been administered upon for fifty years, a part of the land having been sold from time to time until it consisted of undefined mineral interests, reserved in the former conveyances, and unlocated lands, and the trustee has been ordered by the court to sell this residue, in an action within the court's jurisdiction, in which all interested were parties, to which order no exception was taken, but exception was taken to an order of the court confirming the sale, wherein it was ascertained and adjudicated that the residue had been sold at the best possible price and the findings are supported by evidence: *Held*, the order appealed from, in such instances ordinarily addressed to the discretion of the trial court, will not be disturbed.

APPEAL from an order of *Cline, J.*, entered at May Term, 1915, of HAYWOOD, confirming the report of sales of certain lands, together with the mineral interests reserved in the said lands, by parties representing the Love estate.

The action has been pending in the Superior Court of Haywood County for many years. All the owners of certain lands, known as the Love Speculation Lands, are parties to said action, and from time to time thereunder the trustee appointed in said action as such trustee and as administrator *de bonis non* with the will annexed of James R. Love, deceased, has made sales of parts of said lands under direction of the court, and distributed the proceeds to the respective owners of the interest in said lands.

Prior to the commencement of said action James R. Love had been decreed in another action to be the owner of a certain interest in said Love Speculation Lands and to hold as trustee for the benefit of certain

others, the remainder of said land. The said James R. Love died, leaving a last will and testament, therein appointing certain executors in said will, which was properly executed, probated, and recorded. Said testator provided, among other things, the following:

"And in relation to the Speculation lands, it is my will and desire that the sale shall continue under the management of my executors as though I were living, they receiving for their services the same that I am receiving, to wit, 25 per cent on the amount sold, and they are also to make titles, and Philip W. Edwards is to be continued agent as long as the executors and he can agree."

All the executors under said will died, and at January Term, 1911, of the Superior Court of Haywood County, in said action, W. J. Hannah was appointed trustee by order, which will appear in the record, with the authority to continue to make sales as therein directed. No exception was entered to said order and no appeal was taken therefrom. Thereafter the said W. J. Hannah was also appointed administrator *de bonis non* with the will annexed of the said James R. Love, and duly qualified as such.

At January Term, 1915, of the Superior Court of Haywood County an order was made in said action authorizing and directing the said W. J. Hannah, as trustee and administrator, to sell at private sale and to the best advantage any of the lands which had been located belonging to the said estate, and to execute deeds therefor; and also, in due time, to advertise in bulk the remaining unsold lands belonging to the said estate, together with all the rights, title, and interests which the Love estate had under any of its old grants and any of the lands which had not been discovered and located, including any mineral interests in the said lands belonging to the said estate which had been reserved in deeds theretofore by parties representing the Love estate. No objections nor exception was made to this order.

In obedience to this order, the said W. J. Hannah, trustee, advertised, and on 5 April, 1915, made sales at public auction of a number of tracts of land belonging to the said estate, which had heretofore been located by survey and the acreage of each tract definitely ascertained, and in addition to the sales of said tracts of land, the said W. J. Hannah on said date also sold at public auction, as directed in said order, all the unsold lands, including all the mineral belonging to the Love estate, and made report thereof to the court.

At May Term, 1915, of the Superior Court of Haywood County, his Honor, E. B. Cline, confirmed the report of the said W. J. Hannah, trustee, showing that he made sale of the unsurveyed and unlocated land belonging to the Love estate, together with the mineral interest which had been reserved in deeds theretofore executed, the purchase price being $1,650.

In the order confirming the sales, after dealing with the sales of specific tracts of land to which there is no objection, his Honor made the following findings as to the sale of the mineral interests and of the unlocated lands:

The trustee, on the ninth page of his report, reference to which is hereby made, having reported that on 5 April, 1915, he sold to Thomas ·Stringfield, Hugh J. Sloan, and others, all of the unsold land, including the mineral interests heretofore reserved, and the deed heretofore made, and following with a general description which will be seen by reference to said report, and the bid made at the said time by the said party having been subsequently raised by them and others until the last and final bid therefor, and tendered the court with certified checks for 20 per cent thereof, made by Hugh J. Sloan, amounting to a total of $1,650, which bid the court finds to be the best bid obtainable, and which, according to the information before the court, is a fair and reasonable bid, taking into consideration the uncertainty of the value of either the property or right of property or interest in property which the purchaser acquired therein, the court being of the opinion that this holding of interest should be sold and conveyed, in view of the fact that the estate has now been kept open for more than fifty years and gone down to a remnant where the continuance of it does not pay the expense of the trustee and surveyors and other incidental expenses; the court further finding that there are approximately three hundred heirs of the James R. Love estate who would be interested in the holding of this remnant if it remains unsold, which probably in the very nature of the case in the lapse of time will become more numerous all the while, and the court believing that its order heretofore made in regard to this property, directing the sale thereof, was for the best interest of all concerned and the best disposition of the matter which has long perplexed the court and the very numerous heirs at law and which has subjected them during the past years to great expense, which expense of the administration of the estate ought to be now terminated as speedily as possible: The court does hereby ratify, approve, and confirm the bid of the said Hugh J. Sloan for the property, rights of property and interest referred to and covered by the said ninth page of the trustee's report, beginning with the words, "In addition to the tracts of land hereinbefore specifically described, etc.," and the said W. J. Hannah, trustee, is hereby authorized and empowered and directed to execute to him and his assigns a sufficient deed conveying the said property, interest in and rights of property, upon the receipt of the full purchase money, to wit, $1,650, it being understood that the trustee in said deed makes no representation or guarantee of the property which the grantees therein will acquire under said deed, and that he will only convey such

interest as the James R. Love estate, or other owners of the Love Specu-
lation Land of which this is a part, has or as he is authorized by law to
convey in said property and rights of property.

(Signed)    E. B. CLINE,
*Judge Presiding.*

Certain heirs at law and distributees of said estate filed in the record
of this cause certain objections to the confirmation of the sales, in which
certain undiscovered lands and all the reserved mineral interests in said
estate were sold for the sum of $1,650. Objections overruled, and object-
ors except and appeal to the Supreme Court.

*J. W. Ferguson and Gilmer & Gilmer for appellants.*
*W. J. Hannah and Morgan & Ward for appellees.*

ALLEN, J. The estate which is being administered in this action has
been kept open and unsettled for a period of fifty years, and the only
question presented by this appeal is as to the validity of the order con-
firming the sale of the mineral interests reserved in deeds heretofore
executed and of unlocated lands.

During the course of the administration trustees have been appointed
who have actively managed the estate, and competent surveyors have
been regularly employed to locate the lands.

Sales of land have been made from time to time until there remains
only a remnant of mineral interests and unlocated lands, and his Honor
finds that the continuance of the estate in its unsettled condition will not
pay the expenses of the trustee and surveyors and other incidental ex-
penses.

The number of persons interested in the estate is three hundred or
more, all of whom are represented in the action, and only a small pro-
portion of these object to a confirmation of the sale.

No evidence has been offered that the mineral interests sold are worth
more than the price bid, and lands which remain undiscovered and
unlocated after a diligent search for fifty years are likely to remain so.

Under these conditions, which are undisputed, we cannot say that his
Honor exceeded his authority or that the order of confirmation is not
for the best interest of all concerned.

The court had jurisdiction of the parties and of the subject-matter,
and ordinarily the propriety of confirming a sale is addressed to the
discretion of the judge of the Superior Courts, whose findings, when
supported by evidence, are binding upon the appellate Court (*Thompson
v. Rospigliosi,* 162 N. C., 157), and we find nothing in the record which
would justify a reversal of his order.

Affirmed.